1  AARON M. CLEFTON, Esq.  (SBN 318680)
   REIN & CLEFTON, Attorneys at Law
2  1423 Broadway #1133
   Oakland, CA  94612
3  Telephone:  510/832-5001
   Facsimile:   510/832-4787
4  info@reincleftonlaw.com

5  Attorneys for Plaintiff
   PAUL SPECTOR

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SPECTOR,<br><br>    Plaintiff,<br><br>    v.<br><br>DONAM INVESTMENTS, LLC dba BUDGET INN,<br><br>    Defendant. | Case No. 3:23-cv-06387-TSH<br>Civil Rights<br><br>**STIPULATION AND [PROPOSED] ORDER DISMISSING CASE WITH PREJUDICE**<br><br>Action Filed: December 12, 2023 |

## STIPULATION

Plaintiff PAUL SPECTOR ("Plaintiff") and Defendant DONAM INVESTMENTS, LLC dba BUDGET INN ("Defendant") – Plaintiff and Defendant together the "Parties" – hereby stipulate and request that pursuant to Federal Rules of Civil Procedure 41(a)(l)(A)(ii), the above-captioned action be dismissed with prejudice in its entirety. Each side shall pay its own attorneys' fees and costs.

Defendant shall implement the service animal policy attached as Exhibit A at the subject facility within 30 days of dismissal of this action. In the event Defendant does not complete the injunctive relief as specified in Exhibit A,  Defendant shall have 30 days to correct the deficiencies.

//

//

- 2 -

1  **IT IS SO STIPULATED.**

2

3  Dated:  March 27, 2024                                     REIN & CLEFTON

4
                                                                    */s/ Aaron M. Clefton*
5                                                              By:  AARON M. CLEFTON, ESQ.
                                                                    Attorneys for Plaintiff
6                                                              PAUL SPECTOR

7
   Dated:  March 27, 2024                                     STEINER LAW OFFICE
8

9
                                                                    */s/ Walter Lin*
10                                                             By:  WALTER LIN, ESQ.
                                                                    Attorneys for Defendant
11                                                             DONAM INVESTEMENTS, LLC dba
                                                                    BUDGET INN
12

13

14                                     **FILER'S ATTESTATION**

15      Pursuant to Local Rule 5-1, I hereby attest that on March 22, 2024, I, Aaron Clefton,

16  attorney with Rein & Clefton, received the concurrence of Walter Lin in the filing of this

17  document.

18
                                                                    */s/ Aaron Clefton*
19                                                             Aaron Clefton

20

21

22

23

24

25

26

27

28

- 2 -

STIPULATION FOR DISMISSAL
Case No. 3:23-cv-06387-TSH

**ORDER**

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: _____, 2024

_____
Honorable Thomas S. Hixon
U.S. Magistrate Judge

# EXHIBIT A

*Paul Spector v. Donam Investments, LLC dba Budget Inn*

***United States District Court - Northern District of California***
Case No. 3:23-cv-06387-TSH

**I.     PURPOSE:**

    A.     To comply with requirements of the Americans with Disabilities Act (ADA), the Disabled Persons Act, the U.S. Department of Justice's revised final regulations implementing the ADA, the Unruh Civil Rights Act, and other laws and regulations related to persons with disabilities.

    B.     To ensure that **service animals** accompany visitors/patrons with disabilities in all areas of the Budget Inn where public access is normally allowed.

    C.     To provide guidelines for staff of the Budget Inn in San Leandro, California to identify service animals when they encounter a **dog** in the course of their employment.

**II.    POLICY:**

    A.     It is the policy of the Budget Inn that persons with disabilities will not be discriminated against and that they will have full and equal access, services and treatment.

    B.     All patrons accompanied by a dog that is individually trained to do work or perform tasks for a disabled person must be permitted to enter all areas of the Budget Inn open to the general public.

    C.     The Budget Inn's staff shall use *minimal inquiry* when the work, service or tasks performed by the dog are not obvious and apparent and will not ask for "certification" or "paperwork" from service dog handlers.

**III.   DEFINITIONS:**

    A.     **Individual with a Disability** — A person who:

        1. Has a physical or mental impairment that substantially limits one or more major life activities;

        2. Has a record of such an impairment; or

        3. Is perceived by others as having such an impairment

    B.     **Service Animal** — Only dogs that are individually ***trained to do work or perform tasks*** for people with disabilities qualify as service animals. Service animals ***recognize and respond*** to needs.

        1. Examples include, but are not limited to:

      a. Guiding vision impaired
      b. Alerting hearing impaired
      c. Pulling wheelchair
      d. Retrieving items
      e. Stability and ambulation
      f. Alerting or protecting person having seizure
      g. Reminding person to take medication
      h. Calming person with Post-Traumatic Stress Disorder during an anxiety attack
      i. Preventing or interrupting impulsive or destructive behavior
      j. Removing disoriented individuals from dangerous situations

C. **Comfort / Emotional Support Dogs**

   1. **Federal Law (ADA)** - Dogs that solely provide companionship, comfort, and emotional support are *not service animals under the ADA*.

      a. Companionship, comfort and emotional support do not constitute work or tasks

   2. **California law** — Under the Unruh Civil Rights Act, the Department of Fair Employment and Housing *may* investigate denials of accommodation for access to public entities regarding comfort/emotional support dogs.

      a. Denying accommodation of a **comfort/emotional support** dog in a public entity *may* result in a complaint to the Department of Fair Housing and Employment for violation of the Unruh Civil Rights Act.

D. **Direct Threat -** A significant risk of substantial harm to the health or safety of others that cannot be eliminated or mitigated by a reasonable modification of practices or procedures or the provision of auxiliary aids or services.

   1. Budget Inn he Budget Inn staff must complete an **individualized assessment** when determining whether the service animal poses a direct threat based upon:

      a. Reasonable judgment that relies on current medical knowledge or on the best available objective evidence;
      b. The nature, duration, and severity of the risk;
      c. Probability that the potential injury will actually occur; and
      d. Whether reasonable modifications of policies, practices or procedures or provisions of auxiliary aids or services will mitigate the risk.

*Paul Spector v. Donam Investments, LLC dba Budget Inn*

*United States District Court - Northern District of California*
Case No. 3:23-cv-06387-TSH

    E.  **Fundamental Alteration —** A change that is so significant that it alters the nature of the facility or service offered.

**IV.**  **PROCEDURE:**

  A.  **Permitting Service Animals** - Service animals shall be permitted in all areas of the Budget Inn that are open to the public, provided the service animal does not:

    1.  Pose a direct threat; or

    2.  Fundamentally alter the Budget Inn's operations, policies, practices or procedures.

  B.  **No Pet or Service Dog Fees –** Patrons who are accompanied by a service dog shall not be charged a fee for the use or presence of a service dog. However, patrons whose service dogs cause damage may still be charged for any damage caused to the premises.

  C.  **Excluding / Removing Service Animals -** Any decision to exclude service animals in California shall be made only after an *individualized assessment* that the animal poses a direct threat to the health or safety of others which cannot be mitigated by modifications of policies or procedures or the provision of auxiliary aids or services.

    1.  The individualized assessment of direct threat shall be conducted by the manager or the most senior employee on duty at the time at the Budget Inn.

    2.  The individualized assessment of direct threat must be based on reasonable judgment that relies on current medical knowledge or on the best available objective evidence to ascertain:

      a.  The nature, duration, and severity of the risk;

      b.  The probability that the potential injury will actually occur; and

      c.  Whether reasonable modifications of policies, practices or procedures or provisions of auxiliary aids or services will mitigate the risk

  D.  **Staff Inquiry -** When it is not obvious or apparent what service, task or work the dog performs, staff may ask two questions ***only:***

    1.  Is the dog a service animal required because of a disability? and

    2. What work or task has the dog been trained to perform?

        a. Under the ADA, staff must rely upon the patron's word that the dog is a service animal and the description of the service, task or work it performs.

        b. Staff must utilize the chain of command if there is concern that the service animal poses a direct threat or would fundamentally alter the Budget Inn and services provided;

E. **Staff must not**:

    1. Ask about the nature or extent of the person's disability;

    2. Require documentation to support service animal status (e.g., ID card, proof of certification and training);

    3. Require a fee for the presence of a service dog;

    4. Ask dog to demonstrate ability to perform service, task or work;

    5. Refuse access based upon allergies and fear of dogs;

    6. Treat patrons with service animals less favorably;

    7. Pet the service animal (may distract from assigned tasks);

    8. Feed, clean, toilet or care for the service animal;

    9. Ask patron to remove service animal from premises, ***unless*** an individualized assessment of direct threat has been completed *(See* Sections B, C, G).

F. **Requirements for Service Animals** — Service animals must be under the handler's control at all times via at least one of the following:

    1. Harness

    2. Leash

    3. Tether

    4. Voice control

5. Motion / signal control

6. Other effective controls

7. **Exception** — The devices listed above need not be used if they:

    a. Interfere with the service animal's work; or
    b. Person's disability prevents using these devices

G. **Legitimate Reasons for Removing the Service Animal**

1. The dog poses a direct threat to the health or safety of patrons and/or staff that cannot be eliminated by a reasonable modification the Budget Inn's policies, practices, or procedures or the provision of auxiliary services;

2. The dog fundamentally alters the nature of alter the nature of the goods, services, facilities, privileges, advantages, or accommodations the Budget Inn provides to the public;

3. The dog is out of control and handler does not take effective action to control it;

    a. Disruption (barking, running, jumping);
    b. Aggressive behavior (biting, lunging);

4. The dog is not housebroken

5. The dog has poor hygiene

6. The dog is ill.

H. **Miniature Horses (MH)**

1. Under the ADA, a miniature horse must be accommodated as a service animal where reasonable and if *individually trained to do work or perform tasks* for people with disabilities.

2. The Budget Inn manager or the most senior employee on duty at the time the Budget Inn must complete an *individualized assessment* to determine whether s can be accommodated. The four (4) assessment factors are:

    a. Whether the MH is housebroken;
    b. Whether the MH is under the owner or handler's control;
    c. Whether the facility can accommodate the MH's type, size and weight; and

*Paul Spector v. Donam Investments, LLC dba Budget Inn*

***United States District Court - Northern District of California***
Case No. 3:23-cv-06387-TSH

      d.   Whether the MH's presence will not compromise legitimate safety requirements necessary for safe operations.

## V. COMPLIANCE

A.   Newly hired members of the workforce at the Budget Inn shall be given a copy of this policy and trained on its implementation.

B.   All workforce members at the Budget Inn are responsible for ensuring that individuals comply with this policy;

C.   Violations of this policy will be reported to the Budget Inn's Manager. Violations will be investigated to determine the nature, extent, and potential risk to the Budget Inn. Workforce members who violate this policy will be subject to the appropriate disciplinary action up to and including termination.